UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BABAK REZAPOUR,<br><br>Defendant. | Case No. 2:18-CR-236-RSL<br><br>ORDER DENYING DEFENDANT'S DISCOVERY MOTIONS |

This matter comes before the Court on defendant's four discovery motions: (1) "Motion for Production of Jencks Material and Grand Jury Testimony (Dkt. #32), (2) "Motion for Early Disclosure of Witness Statements" (Dkt. #33), (3) "Motion for Production of Government Expert Material" (Dkt. #35), and (4) "Motion for Discovery" (Dkt. #36). The Court assumes the government understands its discovery obligations under the Constitution, federal and local rules, and applicable case law. Defendant has not shown otherwise. For the reasons discussed below, each of defendant's four discovery motions is DENIED.

1. Motion for Production of Jencks Material and Grand Jury Testimony (Dkt. #32)

Defendant requests an order requiring that the government disclose to him all witness statements covered by the Jencks Act, 18 U.S.C. § 3500, and all transcripts of grand jury testimony taken in this matter. Dkt. #32.

ORDER DENYING DEFENDANT'S
DISCOVERY MOTIONS - 1

The government has demonstrated understanding of its discovery obligations, "including those required by the Jencks Act." Dkt. #38 at 3. The government asserts that it has already produced numerous witness statements and that "[d]efendant has not informed [it] of any statements that he believes exist but have not been received." Id. Further, the government explains that it already ordered the grand jury testimony for this matter, which it will produce to defendant when available. Id.

The Court assumes that the government is aware of and will continue to comply with its discovery obligations. Defendant has not raised specific evidence to the contrary. Defendant's Motion for Production of Jencks Material and Grand Jury Testimony (Dkt. #32) is therefore DENIED.

2. Motion for Early Disclosure of Witness Statements (Dkt. #33)

Defendant requests an order directing the government to disclose to him "all statements, evidence, and testimony by any individual who will testify pursuant to [Federal] Rules of Evidence 413 and 404(b)." Dkt. #33 at 1. Specifically, defendant seeks production of witness statements and evidence related to a July 2017 sexual assault allegation against him. Id. at 2-3.

The government contends that defendant's request for early disclosure of witness statements under Federal Rules of Evidence 413 and 404(b) is duplicative of his Motion for Production of Jencks Material (see Dkt. #32). Dkt. #42 at 1. The Court agrees. The government identifies multiple witness statements and evidence already produced in relation to the 2017 sexual assault allegation, and indicates its intention to continue complying with its discovery obligations under the Federal Rules of Evidence and the Jencks Act. Id. at 2-5.

The government has demonstrated understanding of and continued compliance with its discovery obligations. Defendant's Motion for Early Disclosure of Witness Statements (Dkt. #33) is therefore DENIED.

3. <u>Motion for Production of Government Expert Material</u> (Dkt. #35)

Defendant requests an order directing the government to produce to him written summaries of the expert testimony it intends to offer in its case-in-chief pursuant to Federal Rules of Evidence 702, 703, or 705. Dkt. #35 at 1.

The government has shown that it understands its expert discovery obligations. Dkt. #39. Defendant's own motion notes that "[t]he government has been responsive to defense's request and has been giving the defense requested discovery." Dkt. #35 at 3. The government asserts that it has disclosed expert materials and will continue to comply with its expert discovery obligations. Dkt. #39. The Court finds no basis to question that assertion. Defendant's Motion for Production of Government Expert Material (Dkt. #35) is therefore DENIED.

4. <u>Motion for Discovery</u> (Dkt. #36)

Defendant moves the Court for an order compelling the following discovery from the government: (a) material within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) [hereinafter "<u>Brady</u>"], (b) names and addresses of witnesses, and (c) evidence pertaining to the alleged victim. Dkt. #36 at 2-5. For the reasons discussed below, defendant's Motion for Discovery (Dkt. #36) is DENIED.

 a. *<u>Brady</u> material*

Defendant requests an order compelling the government to produce "any evidence in its possession, custody, or control which may tend to exculpate [defendant] in any way or which may be of value to the preparation of his defense." Dkt. #36 at 2. In other words, defendant seeks production of all evidence within the scope of <u>Brady</u>. The government has reiterated that "it is aware of, and will fully comply with, its obligations, including those required by <u>Brady</u>. . .." Dkt. #41 at 1.

Defendant's statements regarding the government's alleged <u>Brady</u> non-compliance are conclusory. Dkt. #36 at 3-4. As the government points out, it already produced some of the

ORDER DENYING DEFENDANT'S
DISCOVERY MOTIONS - 3

information defendant identified in his motion. The Court accepts the government's representation that it will continue to comply with Brady and its other discovery obligations as mandated by the Constitution, local rules, and applicable case law. Dkt. #41 at 6. Defendant's motion for an order compelling the government's production of Brady material is unnecessary and is DENIED.

### b. *Names and addresses of witnesses*

Defendant requests production of a written list of names, addresses, telephone numbers, and prior conviction records for all intended government witnesses. Dkt. #36 at 4. As defendant concedes, the government has already produced witness statements that include witness names and telephone numbers. Id.; Dkt. #41 at 7. The government indicates its intention to obtain and produce NCIC criminal summaries for its witnesses consistent with its *Jencks* obligations. Dkt. #41 at 7. In addition, the government has expressed willingness to "work with the [d]efendant to make an arrangement for reciprocal exchange of witness lists at an appropriate time in advance of trial." Id. at 8.

The Court accepts the government's representation that it understands and will continue to comply with its discovery obligations. Defendant's motion to compel production of the names, addresses, telephone numbers, and prior conviction records of the government's intended witnesses is unnecessary and is DENIED.

### c. *Evidence pertaining to alleged victim*

Defendant requests production of the victim's NCIC summary criminal history report. Dkt. #36 at 5. According to the government, the NCIC report was produced to defendant on August 28, 2019. Dkt. #41 at 8. Defendant has not challenged this representation, and his motion to compel production of the victim's NCIC summary criminal history report is therefore DENIED as moot.

To the extent the victim has attended counseling, defendant also requests that the Court order the government to obtain and produce her counseling records. Dkt. #36 at 5. Defendant

ORDER DENYING DEFENDANT'S
DISCOVERY MOTIONS - 4

requests that the Court then conduct *in camera* review of victim's counseling records—if any—to confirm the government's compliance with Brady and United States v. Agurs, 427 U.S. 97 (1976).

As part of its victim services, the FBI's victim witness specialist referred the victim to mental health counseling. Dkt. #41 at 8. The government produced the counseling referral documentation to defendant. Id. The government informs the Court that it does not know whether the victim availed herself to counseling services, and any potential counseling records are not within its custody or control. Id. Defendant does not assert that the government possesses or controls the victim's counseling records. Dkt. #35 at 5. The government is not obligated to turn over materials that are not in its custody or control. See e.g., United States v. Bonelli, 665 Fed. Appx. 593, 597 (9th Cir. 2016). Defendant's motion to compel the government's production of any potential victim counseling records is therefore DENIED.

5. Conclusion

For all the foregoing reasons, each of defendant's four discovery motions (Dkt. #32, 33, 35, and 36) is DENIED. The Court instructs the parties to continue complying with all discovery obligations, including Local Rules 16(e) and (f).

DATED this 3rd day of October, 2019.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
DISCOVERY MOTIONS - 5