UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BABAK REZAPOUR,

    Defendant.

Case No. 18-CR-236-RSL

ORDER ON GOVERNMENT'S EVIDENTIARY MOTIONS

This matter comes before the Court on the government's "Motion to Admit Evidence of Defendant's Prior Sexual Assault Under Rules 413 and 404(b)" (Dkt. #52) and "Motion *in Limine* to Preclude Evidence or Argument Concerning Penalties or Collateral Consequences of Conviction" (Dkt. #74).

## I. MOTION TO ADMIT EVIDENCE OF PRIOR SEXUAL ASSAULT

The government asks the Court to admit evidence of an uncharged 2017 sexual assault allegation against defendant pursuant to Federal Rules of Evidence 413 and 404(b). See Dkt #52.

### a. Background

It is uncontested that defendant was a guest at the Grandover Resort in Greensboro, North Carolina on July 23, 2017, at the time of the allegation. From there, the parties' accounts of the incident at issue diverge.

From the government's perspective, a hotel housekeeper (referred to as "L.S") reported that defendant sexually assaulted her late one evening as she cleaned the men's locker room at the Resort. Dkt. #52 at 2. According to L.S., defendant first asked her to come to his hotel room and provided her with his room number. Id. She states that she refused, but defendant followed her into the locker room, approached her, brushed up against her buttocks and pressed his groin against her, at which point she felt his erection. Id. at 2-3. When L.S. tried to get away, defendant allegedly grabbed her arms, but she was able to "br[eak] free from his grasp and call[] security." Id. at 3. A security officer responded to the call and reviewed security footage, which allegedly showed the defendant entering the men's locker room. Id. Defendant initially denied that he was near the locker room, but when the security guard showed him the footage, he allegedly corrected himself while still denying the sexual assault. Id. Hotel security called the Greensboro Police Department, which asked defendant to leave the hotel. Id. Defendant allegedly refused to leave and locked his hotel room door. Id. Security bypassed the lock and defendant was escorted from the premises and permanently banned. Id. L.S. never pressed charges. Id.

Defendant presents a different account of the 2017 incident. He states that he was at the Grandover Resort on a business conference when he took Tramadol, a prescription painkiller he used for severe stomach pain. Dkt. #56 at 2 (citing Dkt. #56-1). Defendant says he later attended a company event and consumed several beers, "which interacted with the Tramadol and left him feeling 'very, very dizzy,' 'completely [un]aware of what [was] going on,' and ultimately led to [him] passing out without much recollection of the events that evening." Id. (citing Dkt. #56-1 at 5-7). He alleges that he was very inebriated when he saw a "lady" at the hotel and grabbed her to ask her to take him to his room. Id. at 3 (quoting Dkt. #56-1 at 5-6). Defendant said that she seemed scared, and he thinks he might have been speaking in Farsi and "wasn't completely aware" of what was going on. Id. From there, he alleges that L.S. ran away and it took him awhile to get to his room, where he fell asleep. Id. Because he was asleep, he didn't open the door when security came. Id. Defendant emphasizes the contemporaneous incident report, which contains no "allegation of *sexual* assault." Id. He also describes an

ORDER ON GOVERNMENT'S
EVIDENTIARY MOTIONS - 2

interview of the responding security officer, who thought defendant seemed intoxicated because he smelled of alcohol and was staggering slightly." Id. at 4. Finally, he asserts that law enforcement's summary of L.S.'s interview is misleading because (1) during the interview, she repeatedly stated that defendant "brushed up against her" but never described pushing, thrusting, or intentionally forceful contact, (2) the summary omits L.S.'s statements implying defendant never had a tight grip on her arms, (3) the summary minimizes L.S.'s statements regarding her perception of defendant's level of intoxication, and (4) the summary omits L.S.'s three statements indicating that defendant did not hurt her. Id. at 4-6.

### b. Admissibility Under Rule 413

Federal Rule of Evidence ("Rule") 413 governs the admission of evidence of similar crimes in cases involving sexual assault. See Fed. R. Evid. 413. In relevant part, the Rule provides, "[i]n a criminal case in which a defendant is accused of sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). Under the Rule, sexual assault includes "a crime under federal law or state law" that involves "contact, without consent, between any part of the defendant's body – or an object – and another person's genitals or anus" or "contact, without consent, between the defendant's genitals or anus and any part of another person's body." Fed. R. Evid. 413(d). Rule 413 provides an exception to the general ban on propensity evidence, allowing courts to admit evidence of other sexual assaults committed by a defendant to prove his propensity to commit the charged sexual assault. See United States v. LeMay, 260 F.3d 1018, 1025-27 (9th Cir. 2001).[1]

In evaluating the admissibility of the proffered evidence, the Court is mindful that Rule 413 "is not a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant." LeMay, 260 F.3d at 1022. First, pursuant to Rule 413, the proffered evidence is admissible only if (1) the

---

[1] Although LeMay interpreted Rule 414, "[d]ue to the striking similarities between [Rule 413, 414, and 415], and the fact that they are *in pari materia*," courts in this Circuit "follow[] decisions interpreting each of these rules individually in cases interpreting their companions." See, e.g., United States v. Sioux, 362 F.3d 1241, 1244 n.4 (9th Cir. 2004) (citations omitted).

defendant is accused of an offense of sexual assault, (2) the proffered evidence relates to the commission of another offense of sexual assault, and (3) the proffered evidence is relevant.  See Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1268 (9th Cir. 2000) (citation omitted). Here, defendant is accused of an offense of sexual assault, namely, of sexually assaulting a fellow passenger on a commercial airplane.  Therefore, the Court need only examine the second and third Glanzer factors.

### i. Relevance

The Court first assesses whether evidence of the 2017 allegation is relevant.[2]  The government argues that the proffered evidence is relevant to show that defendant (1) "derives sexual gratification from attacking strangers"; (2) "is a bold offender, attacking his victims in public spaces"; (3) has "a preference for the victims' gender, both of which were women"; (4) has a "propensity to commit sexual assaults away from his home, while on travel"; and (5) "'lacks the moral inhibitions' that would prevent him from committing sexual misconduct." Dkt. #52 at 8 (citation omitted).  Regardless, because the 2017 incident involves uncharged and contested conduct, to be admissible under Rule 413 the proffered evidence must also be relevant under Rule 104(b), the rule of conditional relevance.  See United States v. Norris, 428 F.3d 907, 913-14 (9th Cir. 2005).[3]  "When determining whether there is sufficient evidence to satisfy Rule 104(b), the court is not required to make a preliminary finding that the government has proved the conditional fact."  Id. (citing Huddleston v. United States, 485 U.S. 681, 689 (1988)). Rather, the court must examine all of the evidence and determine "whether the jury could reasonably find the conditional fact by a preponderance of the evidence."  Id.

A prior sexual assault may be proved in many ways, including with a judgment of conviction, testimony of the victim, or the defendant's own admission.  See United States v. Redlightning, 624 F.3d 1090, 1120 (9th Cir. 2010).  Although the Ninth Circuit does "not

---

[2] "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . ."  Fed. R. Evid. 401(a).

[3] Rule 104(b) provides, "[w]hen the relevance of the evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."  Fed. R. Evid. 104(b).

ORDER ON GOVERNMENT'S
EVIDENTIARY MOTIONS - 4

suggest that the district courts may *only* introduce prior acts [of sexual assault] for which a defendant has been tried and found guilty, . . . the extent to which an act has been proved is a factor that district courts may consider." LeMay, 260 F.3d at 1029. The Court "cannot be expected to conduct a 'trial within a trial' to determine the veracity of the proffered evidence." McMahon v. Valenzuela, No. 2:14-CV-02085-CAS(AGRx), 2015 WL 7573620, at *4 (C.D. Cal. Nov. 25, 2015) (quoting Johnson v. Elk Lake School Dist., 283 F.3d 138, 152 (3d Cir. 2002)).

Testimony from a sexual assault victim may be sufficient for a jury to find by preponderance of the evidence that an alleged prior sexual assault occurred, see Dkt. #52 at 13; Dkt. #58 at 8-9, but the cases the government relies on for this proposition are distinguishable.[4] Defendant not only points to inconsistencies in the record evidence, he emphasizes that L.S. "has not testified under oath, nor has she been subjected to questioning or cross-examination by either government or defense counsel."[5]

Here, where the evidence underlying the uncharged, contested 2017 sexual assault allegation is inconsistent, and the parties accounts of the incident vary drastically, the Court is unwilling to admit the evidence based solely on the testimony of L.S. Although the hotel's security guard provided some corroboration to L.S.'s account, there are sufficient gaps in the record that aspects of both parties' characterizations are plausible. Compare LeMay, 260 F.3d at 1029 (finding evidence regarding the defendant's prior abuse "highly reliable," in part because "it was an inference based on proven facts and [the defendant's] own admissions, not rumor,

---

[4] For example, in United States v. Hadley, 918 F.2d 848, 851 (9th Cir. 1990), the Court admitted evidence of prior bad acts under Rule 404(b) where multiple witnesses testified "in detail about the sexual abuse" defendant previously inflicted on them, including one witness who testified "to a regular pattern of sodomy and sexual molestation that began when the boy was ten years old, and lasted until . . . he was fifteen." Id. Similarly, in United States v. Dhingra, 371 F.3d 557, 566-67 (9th Cir. 2004), the district court admitted the testimony of one of several minor witnesses the defendant previously contacted over IM to engage in sexually explicit conversations.

[5] While the government could call L.S. to testify at trial, the Court shares concerns raised during the motion hearing, that defendant could not adequately address the large inconsistencies in the record or rebut L.S.'s account without compromising his Fifth Amendment right against self-incrimination.

innuendo, or *prior uncharged acts capable of multiple characterizations*") (emphasis added). Having examined all of the evidence underlying the 2017 allegation, the Court is not convinced that a jury could reasonably conclude by preponderance of the evidence that the 2017 sexual assault occurred. Absent this conditional fact, evidence of the 2017 allegation cannot be considered relevant. See Glanzer, 232 F.3d at 1268; Norris, 428 F.3d at 913-14.

### ii. Commission of Another Offense of Sexual Assault

The parties also contest whether the alleged incident constitutes an offense of sexual assault. Defendant argues that, even considering L.S.'s account of the events, his actions would not constitute an act of sexual assault because he lacked the requisite intent to be found guilty of sexual battery under North Carolina state law. Dkt. #56 at 7-11; Dkt. #58 at 2-11. The Court need not reach the merits of the parties' intent arguments because, as described above, it is not persuaded that the evidence of the 2017 allegation meets the required relevance threshold for admission under Rule 104(b). See Glanzer, 232 F.3d at 1268; Norris, 428 F.3d at 913-14. The Court finds that the parties' contrasting assertions regarding defendant's intent further reduce the likelihood that a jury could conclude by a preponderance of the evidence that the 2017 sexual assault occurred.

### iii. Rule 403

Rule 403 further counsels the Court against admitting the proffered evidence. See Fed. R. Evid. 403 ("The Court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice[.]"). In addition to the threshold question of admissibility under Rule 413, the Ninth Circuit instructs district courts to carefully apply Rule 403 to its inquiry by assessing five factors. See LeMay, 260 F.3d at 1027-28. The Court must consider,

>   (1) the similarity of the prior acts to the acts charged,
>   (2) the closeness in time of the prior acts to the acts charged,
>   (3) the frequency of the prior acts,
>   (4) the presence or lack of intervening circumstances, and
>   (5) the necessity of the evidence beyond the testimonies already offered at trial.

Id. (quoting Glanzer, 232 F.3d at 1268) (quotation marks omitted).

The parties agree that the fourth LeMay factor ("intervening circumstances") is not at issue in this case. Dkt. #52 at 10; Dkt. #56 at 13. With regard to the second factor ("closeness in time"), the parties agree that the lapse of six months between the 2017 allegation and the charged plane assault would not preclude admission of the evidence. Dkt. #52 at 9; Dkt. #56 at 13. Therefore, the Court examines the first, third, and fifth LeMay factors.

### 1. Similarity

The government argues that the 2017 allegation and the charged plane conduct are similar because both allegedly involved escalating public sexual assaults of a stranger while traveling, in both instances defendant's alleged assaults continued unabated despite the alleged victims' attempts to rebuff, and in both instances defendant denied the assault to law enforcement and appeared unshaken after the fact. Dkt. #52 at 8-9. Defendant counters that there are no similarities between the 2017 allegation and the charged crime. Dkt. #56 at 12-13. Defendant focuses on his allegedly extreme intoxication as a result of mixing prescribed medication with alcohol the night of the 2017 allegation, and also emphasizes that the 2017 allegation allegedly took place in the vacant men's locker room late at night when no one was around. Id. This, in defendant's view, contrasts with the charged crime of sexual assault on a commercial airplane, where there are no allegations of defendant's intoxication and where the sexual assault allegedly occurred within plain sight of passengers and flight attendants on the plane. Id. The Court agrees with defendant that, even if proven, the 2017 allegation is dissimilar from the charged plane conduct. Accordingly, this factor weighs against admission of the evidence.

### 2. Frequency

If the 2017 allegation were deemed admissible under Rule 413, the accusations that defendant committed two sexual assaults in a six-month period might support a finding that his conduct was, as the government argues "neither isolated nor aberrational." Dkt. #52 at 9-10 (citing LeMay, 260 F.3d at 1028). But the government's claim that the two, relatively dissimilar

ORDER ON GOVERNMENT'S
EVIDENTIARY MOTIONS - 7

incidents "can credibly be interpreted as a continuing course of conduct reflecting an ongoing urge to sexually assault strangers" is extreme. Id.; cf. LeMay, 260 F.3d at 1029 (finding unadmitted evidence of a *third* incident suggestive of the fact that the prior abuse for which the district court admitted evidence "was not an isolated occurrence"). Defendant argues that the 2017 allegation and charged crime cannot be characterized as "frequent" conduct, because he contests that the 2017 allegation constituted a sexual assault in the first place. Dkt. #56 at 13. Given the proof issues detailed above, and lack of evidence of any additional incidents, this factor does not conclusively weigh in favor of either party.

### *3. Necessity*

Finally, the government argues that evidence of the 2017 allegation is necessary because it anticipates that defendant will attack the alleged victim's testimony and credibility given the lack of eyewitnesses on the plane and her consumption of prescription medication and alcohol prior to the alleged assault. Dkt. #52 at 10-11. The government also contends that the proffered evidence is necessary to prove that in sexually assaulting the alleged victim, the defendant acted with the requisite intent. Id. at 11.

Although the government argues that the proffered evidence "will strongly corroborate" the alleged victim's testimony, it also asserts that her testimony, "corroborated by the DNA evidence, communications to fellow passengers, friends and relatives, and accounts of fellow passengers, will be sufficiently compelling and persuasive to prove the charges beyond a reasonable doubt." Id. at 10. Still, the Ninth Circuit has emphasized that "[p]rior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*." LeMay, 260 F.3d at 1029. The Court therefore preliminarily finds that the "necessity" factor weighs slightly in favor of admitting the proffered evidence. Regardless, given the sufficiency issues and dissimilarities between the 2017

allegation and the charged plane conduct as described above, the Court presently declines to admit the proffered evidence pursuant to Rules 413 and 403.[6]

### c. Admissibility Under Rule 404(b)

In the alternative, the government seeks to admit evidence of the 2017 allegation under Rule 404(b), which permits admission of evidence of a person's crimes, wrongs, or other acts for purposes other than to prove a person's character. Fed. R. Evid. 404(b)(1). Such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Court will admit evidence under Rule 404(b) if "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." United States v. Verduzco, 373 F.3d 1022, 1027 (9th Cir. 2004) (citations omitted).

The government argues for admission of the proffered evidence under Rule 404(b) based on several theories. It asserts that the 2017 allegation is material to defendant's (1) "intent to commit the charged crime—a sexual assault of another stranger"; (2) "plan or *modus operandi*—assaulting strangers in public places while traveling"; (3) "motive—in this case, the desire to seek sexual gratification"; and (4) "knowledge—[because defendant] learned that he could assault a stranger in a public place and, even when reported to law enforcement, he would suffer few consequences." Dkt. #52 at 11-12. The government also contends that the 2017 allegation is "relevant to disprove [defendant's] proffered defense that any physical contact with [the victim] was merely mistaken or accidental, amounting to a kick or other involuntary touch incident to traveling in close quarters." Id. at 12.

---

[6] Although the Ninth Circuit has declined to "erect an inflexible structural requirement mandating mid-trial rulings" for admission of Rule 413 evidence, it has implied that such admissibility determinations are properly reached at or immediately before trial. See United States v. Thornhill, 940 F.3d 1114, 1122 (9th Cir. 2019). This Rule 413 determination is therefore preliminary, and the Court reserves the right to revisit its decision "after the prosecution ha[s] introduced all its other evidence, in order to get a feel for the evidence as it is developed at trial." LeMay, 260 F.3d at 1028.

ORDER ON GOVERNMENT'S
EVIDENTIARY MOTIONS - 9

Regardless of the materiality of the proffered evidence under the government's theories, the Court already addressed factors two ("remoteness"), three ("sufficiency"), and four ("similarity") in its analysis of Rule 413 above. For the reasons described above, these factors weigh against admission. See supra Section I.b. The Court therefore declines to admit the proffered evidence under Rule 404(b).

### d. Conclusion

For the foregoing reasons, the Court preliminarily DENIES the government's motion to admit evidence of the 2017 allegation. This denial is without prejudice to the government's ability to renew its motion at the time of trial.[7]

## II. MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF POSSIBLE PENALTIES UPON CONVICTION

The government also moves *in limine* to exclude evidence regarding the potential penalties defendant faces if convicted. Dkt. #74. The identified evidence at issue is a series of text messages exchanged between the alleged victim and her father shortly after the plane landed, while the alleged victim spoke to authorities who were investigating her allegations against defendant. See Dkt. #76, 76-1. The government is specifically concerned with one message sent to the alleged victim by her father, which states, "[h]e needs to go to jail." Dkt. #80 at 2 (citing Dkt. #76-1 at 2).

"It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" Shannon v. United States, 512 U.S. 573, 579 (1994) (quoting Rogers v. United States, 422 U.S. 35, 40 (1975)). As the government emphasizes, "evidence and arguments about the period of incarceration or other collateral consequences of conviction are not probative of guilt or innocence—the only question the jury is called upon to decide." Dkt. #74 at 2. Defendant asserts that he needs the unredacted text message evidence to argue that inconsistencies in the

---

[7] See supra note 6.

ORDER ON GOVERNMENT'S
EVIDENTIARY MOTIONS - 10

alleged victim's statements originated from her "attempt to grow her story to match a more serious crime – one in which investigators would take more seriously and one for which her alleged perpetrator would be punished." Dkt. #76 at 2.

The government argues that admission of the proffered text message evidence would improperly inform the jury of the consequences of its verdict. Compare United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991). But rather than proposing to instruct the jury about possible penalties he faces if convicted, defendant has articulated an alternative, limited, and potentially relevant purpose for admitting the proffered text message evidence. Dkt. #76 at 3. Defendant intends to use the evidence only to cross-examine the alleged victim as to potential biases or motives underlying her testimony against him, id. at 2, which could bear on his guilt or innocence depending on the evidence developed at trial. "[T]he exposure of a witness' motivation in testifying is a proper and important function of the [defendant's] constitutionally protected right of cross-examination." Davis v. Alaska, 415 U.S. 308, 316-17 (1974) (citation omitted).

Because defendant has articulated a potentially legitimate purpose for use of the proffered text message evidence, the Court declines to find it inadmissible *per se*. However, the Court will defer its final decision on admissibility until it can fully assess the evidence developed during trial. The Court therefore preliminarily DENIES the government's motion *in limine* as it pertains to the proffered text message evidence, and defers its final admissibility ruling until trial.[8]

//

//

---

[8] The Court declines to issue a broader exclusionary ruling when there is no indication at present that defendant plans to introduce additional evidence of potential penalties he faces if convicted. This ruling is without prejudice to the government's ability to renew its motion to exclude the proffered text message evidence, or to move for exclusion of additional evidence of potential penalties should similar evidentiary issues arise.

ORDER ON GOVERNMENT'S
EVIDENTIARY MOTIONS - 11

For all the foregoing reasons, the government's "Motion to Admit Evidence of Defendant's Prior Sexual Assault Under Rule 413 and 404(b)" (Dkt. #52), and "Motion *in Limine* to Preclude Evidence or Argument Concerning Penalties or Collateral Consequences of Conviction," (Dkt. #74) are preliminarily DENIED without prejudice.

DATED this 18th day of November, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER ON GOVERNMENT'S
EVIDENTIARY MOTIONS - 12